# UNITED STATES DISTRICT COURT
### for the

Eastern District of Tennessee

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:25-mj- **296** |
| PABLO JACINTO-TORRES a/k/a "JUAN ENRIQUEZ" | ) ) ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 9, 2025 _____ in the county of _____ Bradley _____ in the _____ Eastern _____ District of _____ Tennessee _____, the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
| --- | --- |
| 8 U.S.C. § 1326(a) | Reentering the United States without the prior express consent of the Secretary of Homeland Security after having been previously removed from the United States. |

This criminal complaint is based on these facts:

See attached affidavit, which is incorporated herein.

☑ Continued on the attached sheet.

_____ SA/HSI
_Complainant's signature_

Allan Cannon, HSI Special Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: _____ 12/11/2025 _____

_____
_Judge's signature_

City and state: _____ Chattanooga, Tennessee _____

Hon. Christopher H. Steger, U.S. Magistrate Judge
_Printed name and title_

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

AFFIDAVIT IN SUPPORT OF A )
CRIMINAL COMPLAINT AGAINST )     CASE NO. 1:25-mj-___296___
PABLO JACINTO-TORRES )
a/k/a "JUAN ENRIQUEZ" )
FOR A VIOLATION OF 8 U.S.C. § 1326 )

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Allan Cannon, being duly sworn, state the following:

1. I am a Special Agent with Homeland Security Investigations (HSI) assigned to the Chattanooga Field Office. I conduct investigations of matters within the jurisdiction of U.S. Immigration and Customs Enforcement ("ICE") in the Eastern District of Tennessee. In the performance of my duties, I have conducted and participated in numerous investigations of federal immigration violations. I have received specialized training in immigration and customs enforcement, criminal investigations, case development, investigation techniques, and other standardized methods of investigation regarding immigration violations.

2. I submit this affidavit for the limited purpose of establishing probable cause that PABLO JACINTO-TORRES a/k/a "JUAN ENRIQUEZ" has violated 8 U.S.C. § 1326(a) by being found in the United States after having been previously removed and without having obtained the express consent of the Secretary of Homeland Security to reapply for admission.

3. The statements in this affidavit are based on my personal knowledge, official reports and records, and information provided to me by other law enforcement

1

officers. Because this affidavit is submitted for a limited purpose, I have not included every fact known to me concerning this investigation. I have set forth only those facts necessary to support probable cause for the requested criminal complaint.

4. On or about November 9, 2025, ICE's Enforcement and Removal Operations ("ERO") encountered JACINTO-TORRES within the Eastern District of Tennessee. Specifically, deportation officers encountered JACINTO-TORRES while he was in custody on unrelated state charges in Bradley County, Tennessee— JACINTO-TORRES was using the alias "Juan Enriquez." ERO then verified the identity of JACINTO-TORRES via a fingerprint match to Alien File (A-file) number 201116250. Based on my training and experience, I know that fingerprint analysis employed by ERO is a reliable method for confirming identity.

5. Following identity confirmation, JACINTO-TORRES' immigration files showed that he is a citizen and national of Mexico and not a citizen or national of the United States.

6. In addition, JACINTO-TORRES' immigration files confirmed that he was previously convicted of a 21 U.S.C. § 841 offense of possession with intent to distribute methamphetamine in the Western District of Arkansas, Case No. 5:17-cr-50031, *United States v. Pablo Jacinto-Torres*—he received a 72-month sentence. Following his conviction, JACINTO-TORRES was removed from the United States back to Mexico at or near Brownsville, Texas on or about August 10, 2022.

7. I have examined the documentation in JACINTO-TORRES' immigration file and found no evidence indicating that he has sought or received

2

permission from the Secretary of Homeland Security to reenter the United States following his prior removal.

8.      Based on the foregoing, I believe there is probable cause to conclude that JACINTO-TORRES has reentered and been found in the United States without having obtained the express consent of the Secretary of Homeland Security. In other words, he is unlawfully present in the United States following a prior deportation in violation of 8 U.S.C. § 1326(a). Accordingly, I respectfully request that a criminal complaint be issued in conjunction with an arrest warrant for JACINTO-TORRES.

Respectfully submitted,

ALLAN CANNON
HSI SPECIAL AGENT


Sworn to and subscribed before me this __*11*__ day of December 2025.

HON. CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE

3